H. & K. Costume Co., Inc., Respondent, *v.* Maison Bernard Importing Co., Inc., et al., Appellants.

(Supreme Court, Appellate Term, First Department, February Term — Filed March, 1921.)

Negotiable instruments — promissory notes and trade acceptances — corporations — evidence.

> Where at the commencement of actions on promissory notes and trade acceptances, the corporation maker was in bankruptcy, the individual defendants, who were sought to be held as makers and indorsers, in support of their contention that their initials on the notes were neither intended nor understood by plaintiff to be other than part of the corporation signature, are entitled to show that by a resolution of the corporation adopted long prior to the making of the notes and acceptances in question, it had been determined that no signature of the corporation to any negotiable paper would be honored or paid unless the same was initialed by said individual defendants, and that the banks were so notified and as matter of fact had refused to pay notes made by the corporation to plaintiff because of the lack of such initials, and the exclusion of the evidence was reversible error for which judgments in favor of plaintiff will be reversed and new trials ordered.

Appeal by the defendants Hornick and Lunenfeld from judgments of the Municipal Court of the city of New York, borough of Manhattan, third district, in favor of plaintiff.

Zalkin & Cohen (Moses Cohen and David M. Pelley, of counsel), for appellants.

Isidor Cohn, for respondent.

Burr, J.   Actions to recover on promissory notes and trade acceptances.  These actions are six in num-

ber.   Each action is brought against the Maison Bernard Importing Corporation.   In four of the actions Ottilie Hornick is joined as defendant, and in two of the actions Julius Lunenfeld is joined as defendant.

The actions in which Maison Bernard Company and Ottilie Hornick are joined are on promissory notes. The following is a specimen:

" $507.21              New York, *February* 24, 1920
" On April 6, 1920 we promise to pay to the order of H. & K. Costume Co.
     " Five hundred and seven 21/100 Dollars.
     " Payable at Bankers Trust Co. 5th Ave. & 42nd Street.   Value received with int. at 6% p.a.
" No. ........ Due April 6. 1920.
                         " Maison Bernard Imp. Co.
                         " O. H.        Bernard,
                                             " *Pres.*"


The two actions in which Julius Lunenfeld is made co-defendant with the Bernard Importing Company are brought to recover in each case on a so-called " trade acceptance " reading as follows:

" No. —              New York, *March* 15, 1920.
     " To Maison Bernard Importing Co.   734 5th Ave.:
     " On April 8, 1920, Pay to the order of Ourselves, Five hundred and ninety-two 31/100 Dollars ($592.31).
                   " *Trade Acceptance*
     " The obligation of the acceptor hereof arises out of the purchase of goods from the drawer.   The drawee may accept this bill payable at any bank, banker or trust company in the United States which he may designate.
"Accepted at New York on March 15, 1920.

" Payable at New York Trust Co.  Bank Location 5th Ave. & 57th St.

" Buyer's signature, Maison Bernard Importing Co.

" By Agent or Officer, Mrg. Bernard,

" *Pres.*

" J. L.          H. & K. Costume Co. Inc.

" By Louis Kahn,
" *Pres.*"

" No. —          New York, *March* 15, 1920.

" To Maison Bernard Importing Co. 734 5th Ave. On March 26th, 1920.  Pay to the order of Ourselves Six hundred and forty-seven 25/100 Dollars ($647.25)

" *Trade Acceptance*

" The obligation of the acceptor hereof arises out of the purchase of goods from the drawer.  The drawee may accept this bill payable at any bank, banker or trust company in the United States which he may designate.

" Accepted at New York on March 15, 1920.

" Payable at New York Trust Co.

" Bank location 5th Ave. & 57th St.

" Buyer's signature, Maison Bernard Importing Co.

" By Agent or Officer

" Mrg. Bernard,
" *Pres.*

" J. L.          H. & K. Costume Co. Inc.

" By Louis Kahn,
" *Pres.*"

The Maison Bernard Importing Company was not served in any of the cases, that company being at the time the actions were brought in bankruptcy.

The actions are brought against the defendant Hornick on the theory that she signed as a maker of the notes in suit,

Appellate Term, First Department, March, 1921.   [Vol. 114.

The actions are brought against the defendant Lunenfeld on the theory that he was an acceptor of the trade acceptances.

These defendants deny that their initials mean anything more or were intended to mean or to be anything more than part of the signature of the Maison Bernard Importing Corporation, of which they were officers at the time the papers were signed, and sought to show that plaintiff well knew this to be the fact and that such initials were required to be placed on any trade or negotiable paper of the Maison Bernard Importing Company before the same would be honored or paid by the bank on which the same were drawn.

Plaintiff's claim is that he refused to give the Maison Bernard Company any further credit and that to secure such further credit Lunenfeld and Hornick agreed to sign or indorse the paper of the Bernard Company, and that the initials on the papers in suit were intended to be the signatures of the defendants as makers or indorsers of said paper.

The defendants produced the minute book of the corporation to show that by a resolution adopted long prior to the making of the notes and acceptances in question, it had been determined that no signature of the corporation to any promissory note, draft or negotiable paper would be honored or paid unless the same was initialed by Hornick and Lunenfeld, and that the banks were so notified and had as a matter of fact refused to pay notes made by the corporation to the plaintiff because of the lack of such initials. Defendants sought to prove this in support of their contention that their initials were not intended to be nor were they understood by plaintiff to be anything other than part of the corporation signature, and not special signatures of the defendants whereby they made and intended to make themselves personally liable to plain-

tiff on this paper. This evidence was ruled out by the trial judge, and in my opinion this was prejudicial error which requires that the judgment should be reversed.

LEHMAN and MULLAN, JJ., concur.

Judgments reversed and new trial ordered, with five dollars costs in each action to appellants to abide event.